(No. 3779—

CHARLES LANDIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1943.*

LEWIS L. ROOT, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

The facts in this case are not in controversy. Charles Landis was on the 18th day of July, 1941, employed by the State of Illinois, and while driving a State highway truck westerly on Franklin Avenue about two blocks west of the Mannheim Road in the village of Franklin Park, County of Cook, State of Illinois, collided with a vehicle

driven by an employee óf the City Ice & Fuel Company, suffering injuries.

Being an employee of the State, the State of Illinois expended for medical, surgical, hospital care and compensation the sum of $1,638.83.

On October 7, 1941, the claimant through his attorney notified the respondent that the claimant had instituted suit for personal injuries in the Superior Court of Cook County against the City Ice & Fuel Company, a corporation, case No. 41S-14981. On November 12, 1941, the claimant created and acknowledged a lien in favor of the State for all monies paid and to be paid by the respondent for medical, hospital care and compensation.

Relying on the above lien, the Attorney General did not file an intervening petition.

At the request of the claimant, W. A. Rosenfield, Director of the Department of Public Works and Buildings, State of Illinois, on October 27, 1942, executed a waiver on behalf of his department waiving any claim which the State had under the provisions of the Workmen's Compensation Act for subrogation to the amount paid on behalf of said claimant, following which claimant made a settlement in court of his claim against the said Ice & Fuel Company without resorting to trial, for $7,-500.00, out of which claimant refunded to the respondent the sum of $1,638.83, as agreed.

The Attorney General files a motion to dismiss this complaint and to the motion is attached the affidavit of Earl McK. Guy, Acting Engineer of Claims, Department of Public Works and Buildings, Division of Highways. It corroborates the above facts.

It cannot be questioned that the claimant in the first instance could have filed a claim in this court for injuries received in the course of his employment, or he could

have elected to sue the negligent third party in a court of general jurisdiction. This latter course he followed and obtained a settlement far in excess of any amount which could have been awarded to him by this court following the provisions of the Workmen's Compensation Act. Having elected to sue the negligent third party he is bound thereby. He is not entitled to two recoveries as was said in *People ex rel Barrett* vs. *Tull*, 311 Illinois App. 636:

"Where both parties elect to abide by the provisions of such law they must be held to be bound thereby. To apply any other rule would be to give the appellant in this case the right to recover twice for the same item of damage . . ."

The Court of Claims cannot take jurisdiction of this claim. The motion of the Attorney General will be sustained and the case is dismissed.